UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS WOODY,

        Petitioner,

vs.                                  Case No. 3:07-cv-255-J-34JRK

WALTER A. MCNEIL,
et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Thomas Woody, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) pursuant to 28 U.S.C. § 2254 on March 23, 2007, pursuant to the mailbox rule.[1]  Thereafter, Petitioner filed an Amended Petition, a Second Amended Petition and a Third Amended Petition (Doc. #14), which is now the operative Petition in this Court.  Petitioner challenges a 2000 state court (St. Johns County, Florida) judgment of conviction for burglary of a dwelling on three grounds.

---

[1] The Petition (Doc. #1) was filed in this Court on March 29, 2007; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (March 23, 2007).  See Houston v. Lack, 487 U.S. 266, 275-76 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Respondents' Response to Petition (Response) (Doc. #17).[2] Petitioner was given admonitions and a time frame to respond to this contention. Court's Order to Show Cause and Notice to Petitioner (Doc. #16). On September 7, 2007, Petitioner filed Petitioner's Response to Petition (Reply) (Doc. #19). This case is ripe for review.

The following procedural history is relevant. Petitioner was charged by Information with one count of burglary of a dwelling. Resp. Ex. A. After a trial, Resp. Ex. B, the jury found Petitioner guilty as charged. Resp. Ex. C, Verdict. Petitioner was adjudicated guilty and sentenced to thirty years of imprisonment as a habitual felony offender. Resp. Ex. D; E.

On appeal, Petitioner's counsel filed an initial brief, Resp. Ex. G, and the State filed an answer brief. Resp. Ex. H. On August 21, 2001, the appellate court per curiam affirmed Petitioner's conviction and sentence without issuing a written opinion, see Woody v. State, 793 So.2d 973 (Fla. 5th DCA 2001); Resp. Ex. I, and the mandate issued on September 7, 2001, Resp. Ex. J. Petitioner did not seek review in the United States Supreme Court.

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

Petitioner's conviction became final on November 19, 2001 (90 days from August 21, 2001). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."); Supreme Court Rule 13.3. Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (November 19, 2002). His Petition, filed in this Court on March 23, 2007, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Thus, the one-year period of limitations began to run on November 20, 2001, and ran for one-hundred and eighty-nine (189) days until Petitioner filed his pro se motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on May 29, 2002. Resp. Ex. K. On June 11, 2002, the trial court denied the Rule 3.850 motion. Resp. Ex. L. On July 23, 2002, the appellate court per curiam affirmed that decision without issuing a written opinion, see Woody v. State, 823 So.2d 791 (Fla. 5th DCA 2002); Resp. Ex. N, and the mandate issued on August 9, 2002, Resp. Ex. O.

The one-year period of limitations began to run again on August 10, 2002, and ran for ninety-three (93) days until November 12, 2002, when Petitioner filed his pro se motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). Resp. Ex. P. On November 20, 2002, the court denied the motion. Resp. Ex. Q. Petitioner appealed, and on January 28, 2003, the Fifth District Court of Appeal affirmed the denial per curiam, see Woody v. State, 835 So.2d 369 (Fla. 5th DCA 2003); Resp. Ex. S, and the mandate issued on February 14, 2003. Resp. Ex. T.

The one-year period of limitations began to run again on February 15, 2003, and ran ninety-five (95) days until Petitioner filed his second Rule 3.800(a) motion on May 22, 2003. Resp. Ex. U. At the time he filed this motion, the one-year limitation period had already expired.[3] On October 23, 2003, the court denied the motion. Resp. Ex. V. On February 17, 2004, the appellate court per curiam affirmed, see Woody v. State, 869 So.2d 12 (Fla.

---

[3] See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

5

5th DCA 2004); Resp. Ex. Z, and the mandate issued on April 14, 2004, Resp. Ex. BB.

Over six-hundred (600) days later, on February 2, 2006, Petitioner filed a state petition for writ of habeas corpus. Resp. Ex. CC. The appellate court denied the petition on April 5, 2006, Resp. Ex. EE, and Petitioner's motion for rehearing was denied on May 9, 2006, Resp. Ex. FF.

On or about June 19, 2006, Petitioner filed a petition for writ of certiorari with the Supreme Court of Florida, which the Court construed as a notice to invoke discretionary jurisdiction. Resp. Ex. GG. However, on June 29, 2006, the case was dismissed based upon the court's lack of jurisdiction. Woody v. State, 935 So.2d 500 (Fla. 2006); Resp. Ex. HH. Petitioner provided the instant federal Petition to the prison officials for mailing to this Court on March 23, 2007, which was another two-hundred and sixty-seven (267) days after the Supreme Court of Florida dismissed his case. Thus, Petitioner's Petition is over three years late.

In the Third Amended Petition, Petitioner explains why the one-year statute of limitations should not bar his Petition. See Third Amended Petition at 14. He contends that his Petition should not be dismissed as untimely because "he was denied the rights to a fair trial." Id.; Reply at 12-14. However, Petitioner has not set forth any facts showing he is entitled to equitable tolling. The United States Supreme Court has established a two-prong test

for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007); see also Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008).  Petitioner has not met this burden.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    Respondents' request to dismiss the Petition as untimely, contained within the Response to Petition (Doc. #17), is **GRANTED**.

2.    This case is **DISMISSED** with prejudice.

3.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of July, 2009.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 7/23
c:
Thomas Woody
Assistant Attorney General (Phillips)